# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. CARI, JR., <br> Plaintiff, <br><br> v. <br><br> MEDCAP GROWTH EQUITY, LLC and <br> CHRISTOPHER VELIS, <br> Defendants. | CIVIL ACTION NO. 1:18-cv-12217-WGY |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO THE FIRST AMENDED COMPLAINT

The introductory paragraph of Plaintiff Joseph A. Cari's First Amended Complaint is a statement of the case to which no response is required. In response to the numbered paragraphs of the First Amended Complaint, Defendants respond, on information and belief, as follows:

**I.**

1. Admitted.

2. Admitted, except denied as to the characterization of MedCap GE LLC as a healthcare venture capital firm that invests in healthcare and advanced medical technology and as to the characterization of the contents of Velis's LinkedIn page, which speaks for itself. The legal conclusions set forth in this paragraph regarding where service of process may be made upon either Defendant require no response.

3. The legal conclusions set forth in this paragraph require no response.

4. The legal conclusions set forth in this paragraph require no response.

**II.**

5. Denied.

6. Denied.

7. Denied.

8. Admitted that Cari is a male citizen of the United States, that he held a position as a manager of MedCap GE LLC, that he is listed as a member of the LLC in Schedule A of the MedCap GE LLC Amended and Restated Limited Liability Company Agreement dated as of March 22, 2016 (the ""LLC Agreement"), and that the LLC Agreement provides that his membership interest in the LLC is based on a Capital Contribution of $250,000, which he has not made and for which he is liable. Defendants have insufficient personal knowledge to admit or deny the other allegations of this paragraph.

9. Defendants have insufficient personal knowledge to admit or deny the allegations of this paragraph.

10. Defendants have insufficient personal knowledge to admit or deny the allegations of this paragraph.

11. Admitted, except that the name of the entity formed on June 18, 2014, was Fundamental Ventures, LLC, and it was formed pursuant to the Delaware Limited Liability Company Act, not the "Delaware Act."

12. Admitted that in September 2015 MedCap Fundamental, LLC changed its name to MedCap Growth Equity LLC and that previous interest holders in MedCap Fundamental, LLC no longer hold any interest in MedCap GE LLC. Denied that the Wellman Center chose Cari to serve as the General Partner of the LLC. Defendants have insufficient personal knowledge to admit or deny the other allegations of this paragraph.

13. Admitted that Cari served on MedCap GE LLC's Board of Directors and that he was responsible for the day to day relationship with the Wellman Center and for raising

investment funds for the venture capital fund managed by MedCap GE LLC. Denied as to all other allegations of this paragraph.

14. Admitted that Velis and Cari were co-founders of MedCap GE LLC, that the LLC Agreement reflects that as of the date of the LLC Agreement, the Managers on the Board of Managers of MedCap GE LLC were initially established as the three individuals listed on Schedule A of the Agreement, with 250 units each. Denied as to all other allegations of this paragraph.

15. Denied.

16. Denied that Cari fully disclosed all pertinent facts about the circumstances under which he pleaded guilty to federal felony charges and that Cari was ever told that any potential investor had made a commitment that it would definitely make an investment if and after Cari resigned from his management and board positions. Defendants have insufficient personal knowledge to admit or deny the other allegations of this paragraph.

17. Admitted that on or about mid-February 2018, Velis spoke with Cari, but denied that Velis told Cari, "You resign. We'll get the money," with reference to any potential investor.

18. Admitted that in mid-February 2018, Cari stated to Velis, in substance, that he was willing to resign because he (Cari) would benefit. Denied as to all other allegations of this paragraph.

19. Admitted that Cari, Velis, and Assad were present at various times during in-person meetings held on Wednesday, February 14, 2018, Thursday, February 15, 2018, and Friday, February 16, 2018. Denied as to all other allegations of this paragraph.

20. Admitted that on February 16, 2018, there was an in-person meeting at the Boston office of Brown Rudnick LLP, attended by Cari and his counsel, Kari Harris of Nixon Peabody

LLP, Velis and his counsel Mark J. Tarallo of Murtha Cullina LLP, the LLC's counsel, Katy Gardner of Brown Rudnick LLP, and Assad. Denied as to all other allegations of this paragraph.

21. Admitted that on February 16, 2018, Cari voluntarily signed a letter effectuating his resignation from his management and board positions with the LLC, and that Attachment A to the First Amended Complaint appears to be a copy of that letter. Denied as to all other allegations of this paragraph.

22. Denied.

    a. Denied.

    b. Admitted that Attachment B to the First Amended Complaint appears to be a copy of a document signed by Velis on February 16, 2018, notarized by Ann Gilbert, and that the document speak for itself. Denied as to all other allegations of this subparagraph.

    c. Denied.

    d. Denied.

    e. Admitted that Cari requested and did not receive written consent to disclose the confidential terms of the term sheet appended as Attachment A to the Original Complaint, that he asserted that the confidentiality provisions were unenforceable, and that he willfully and indiscriminately breached the confidentiality obligations imposed on him by the LLC Agreement. Denied as to all other allegations of this subparagraph.

    f. Denied.

    g. Denied.

    h. Admitted that Attachment B to the First Amended Complaint appears to be a copy of a document signed by Velis on February 16, 2018, notarized by Ann Gilbert, and that the document speaks for itself. Denied as to all other allegations of this paragraph.

   i.  Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that any email sent by Cari on February 17, 2018, addressed to Harris, Velis, Tarallo, and Gardner, speaks for itself. Denied as to all other allegations of this paragraph.

27. Admitted that any email sent by Velis to Cari on February 20, 2018, speaks for itself. Denied as to all other allegations of this paragraph.

28. Admitted that Cari went to a meeting in New York City with Velis in late February 2018, that Velis returned to the Middle East after February 16, 2018, and that he spoke with Cari by telephone. Denied as to all other allegations of this paragraph.

29. Admitted that after February 16, 2018, the parties and their counsel were negotiating a term sheet. Denied as to all other allegations of this paragraph.

30. Denied.

31. Denied.

32. Admitted that any email sent by Gardner to Harris on February 28, 2018, speaks for itself. Denied as to all other allegations of this paragraph.

33. Admitted that any emails that Cari sent to Gardner and that Gardner sent to Harris on March 5, 2018 and March 7, 2018 speak for themselves. Denied as to all other allegations of this paragraph.

34. Admitted that the term sheet appended as Attachment A to the Original Complaint contains an electronically-affixed image of Cari's signature below the phrase "Accepted and agreed to this 8th day of March, 2018," and further admitted that Velis did not sign this document

and that if nothing was said about whether the term sheet had been signed, it was because the parties and their counsel knew or reasonably should have known that Velis had not signed it. Denied as to all other allegations of this paragraph.

35. Admitted that any email Gardner sent to Harris on March 7, 2018, speaks for itself. Denied as to all other allegations of this paragraph.

36. Admitted that Velis spoke to Cari in early April 2018 and that if nothing was said about whether the term sheet had been signed it was because the parties and their counsel knew or reasonably should have known that Velis had not signed it. Denied as to all other allegations of this paragraph.

37. Denied.

38. Denied.

39. Admitted that on or about April 6, 2018, Tarallo sent a cease and desist letter to Cari's counsel, Kari Harris, and that the letter speaks for itself. Denied as to all other allegations of this paragraph.

40. Admitted that the cease and desist letter dated April 6, 2018, speaks for itself, and that at the time neither Cari nor his counsel claimed there was a fully-executed term sheet or an otherwise enforceable consulting agreement as a basis for objecting to the demands set forth in the letter. Denied as to all other allegations of this paragraph.

41. Denied.

42. Denied.

43. Admitted that any email sent by Cari's counsel Ethan Trull to Tarallo on April 11, 2018, speaks for itself, and that at the time neither Cari nor his counsel claimed there was a fully-

executed term sheet or an otherwise enforceable consulting agreement as a basis for objecting to the demands set forth in the letter. Denied as to all other allegations of this paragraph.

44. Admitted that Defendants have not withdrawn any of the demands set forth in the cease and desist letter. Denied as to all other allegations of this paragraph.

45. Denied.

46. Admitted that any emails exchanged between Trull and Stephen Best were in the course of good faith settlement negotiations, and that their emails speak for themselves. Denied as to all other allegations of this paragraph.

47. Admitted that any emails exchanged between Trull and Stephen Best were in the course of good faith settlement negotiations, and that their emails speak for themselves. Denied as to all other allegations of this paragraph.

48. Admitted that any emails exchanged between Trull and Stephen Best were in the course of good faith settlement negotiations, and that their emails speak for themselves. Denied as to all other allegations of this paragraph.

49. Admitted that Cari's counsel unilaterally cancelled an in-person settlement meeting scheduled for July 27, 2018, that any emails exchanged between Trull and Stephen Best were in the course of good faith settlement negotiations, and that their emails speak for themselves. Denied as to all other allegations of this paragraph.

50. Denied.

## III.
## FIRST CAUSE OF ACTION
### Breach of Contract and Estoppel

51. Defendants incorporate their answers to the allegations contained in paragraphs 1-50 as if fully stated herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## IV.
## SECOND CAUSE OF ACTION
## Breach of the Covenant of Good Faith And Fair Dealing

57. Defendants incorporate their answers to the allegations contained in Paragraphs 1 through 56 as if fully stated herein.

58. Denied.

59. Denied.

60. Denied.

## V.
## THIRD CAUSE OF ACTION
## Fraudulent Misrepresentation

61. Defendants incorporate their answers to the allegations contained in paragraphs 1-60 as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

# VI.
# JURY DEMAND

Defendants demand trial by jury on all claims.

# VII.
# PRAYER FOR RELIEF

Defendants deny that Cari is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

1. Cari fails to state any claims upon which relief may be granted.

2. Any damages Cari incurred were caused by his own conduct or that of his own agents, representatives, and attorneys.

3. Cari's claims are barred by his acquiescence in and ratification of the conduct of which he complains.

4. Cari's claims are equitably barred by his own unclean hands.

5. Cari's own material breaches of contract excused performance by the parties he alleges to be in breach of contract.

6. Cari's claims are barred by the Statute of Frauds.

7. Cari's claims fail for lack of consideration.

8. Cari's claims are barred by the failure of one or more conditions precedent.

9. Cari's claims are barred by lack of damages.

10. Cari's fraud and estoppel claims are barred by lack of reasonable reliance.

11. Cari's claims are barred by waiver.

12. Cari's claims are barred by estoppel.

WHEREFORE, the Court should dismiss the First Amended Complaint in its entirety with prejudice and grant Defendants such other relief as the Court deems appropriate.

March 26, 2019

Respectfully submitted,
**MEDCAP GROWTH EQUITY LLC and CHRISTOPHER VELIS,**

By their attorney,

/s/*Alicia L. Downey*
Alicia L. Downey, BBO# 564265
DOWNEY LAW LLC
155 Federal Street, Suite 300
Boston, MA 02110
alicia@downeylawllc.com
Tel. 617-444-9811

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any non-registered participants.

/s/*Alicia L. Downey*